

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
JANUARY 2019 SESSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 7:19-CR- 00004 |
| | ) | |
| v. | ) | |
| | ) | **INDICTMENT** |
| | ) | |
| TYREK K. KELLY, and | ) | **In Violation of:** |
| JAMES M. HALE | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | 18 U.S.C. § 924(c) |
| | ) | 18 U.S.C. § 922(g)(1) |

## COUNT ONE

The Grand Jury charges:

1. That on or about November 30, 2018, in the Western Judicial District of Virginia, the defendant, TYREK K. KELLY, did knowingly and intentionally distribute a measurable quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT TWO

The Grand Jury further charges:

1. That on or about November 30, 2018, in the Western Judicial District of Virginia, the defendant, TYREK K. KELLY, knowingly possessed a firearm, to wit a Glock model 17 pistol, in furtherance of a drug trafficking crime for which he may be

prosecuted in a court of the United States, as set forth in Count One of this Indictment.

2. All in violation of Title 18, United States Code, Section 924(c).

## COUNT THREE

The Grand Jury further charges:

1. On or about November 30, 2018, in the Western Judicial District of Virginia, the defendant, TYREK K. KELLY, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit a Glock model 17 pistol, which had previously been shipped and transported in interstate or foreign commerce.

2. All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOUR

The Grand Jury further charges:

1. On or about November 30, 2018, in the Western Judicial District of Virginia, the defendant, JAMES M. HALE, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit a Smith & Wesson .40 caliber pistol, which had previously been shipped and transported in interstate or foreign commerce.

2. All in violation of Title 18, United States Code, Section 922(g)(1).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendants shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

   c. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

   d. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

   a. **Money Judgment**

   An undetermined sum of United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

   b. **Firearms**

   1) A Glock model 17 9mm pistol, serial # YCP013
   2) A Smith & Wesson .40 caliber pistol, serial # RBT7949
   3) All ammunition, magazines, and accessories associated with these

3

firearms

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL this 18th day of January, 2019.

s/Grand Jury Foreperson
FOREPERSON

THOMAS T. CULLEN
UNITED STATES ATTORNEY