IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 7:19-CR-00004-MFU-2 |
| ) | |
| JAMES M. HALE ) | |
| ) | |
| Defendant ) | |

## MOTION TO CONTINUE

COMES NOW the Defendant, James M. Hale, by counsel, and moves for a continuance of his trial date and in support thereof states as follows:

1)  This case is set for trial on June 24 - 25, 2019, and was scheduled to comply with speedy trial deadlines. However, counsel for Defendant was just appointed as defense counsel on May 24, 2019. Defense counsel has not had time to prepare for trial and in fact has not yet received nor reviewed any discovery materials. Additionally, defense counsel has another commitment in the Roanoke County Circuit Court at the time that this trial is scheduled.

2)  The Speedy Trial Act generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance. 18 U.S.C. Section 3161 (c) (1). This requirement protects the interests of the defendant and the public in a speedy trial. *Zedner v. United States*, 126 S.Ct. 1976 (2006); *United States v. Henry*, 538 F.3rd 300, 303 (4th Cir. 2008). "To allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds that the ends

of justice served by granting of ...[a] continuance outweigh the best interests of the public and the defendant in a speedy trial." *Henry*, 538 F.3rd at 303; 18 U.S.C. §3161 (h) (7) (A). Significantly, the Act's "primary procedural limit requires the district court to set forth, either orally or in writing, its reasons for finding that a continuance is warranted under the provision." *Henry*, 538 F.3rd at 303.

3) Section 3161 (H) (7) (B) of the Act provides factors to be considered by the Court in determining whether to grant a continuance. These factors include whether the case is so complex that it is unreasonable to expect adequate preparation for trial within the trial limits set by the Act, and whether counsel needs additional time to prepare effectively taking into account the exercise due diligence. *Id.* at 303-304; 18 U.S.C. §3161 (h) (7) (B) (iv). They also include whether the failure to grant a continuance would deny the Defendant continuity of counsel. These factors must be weighed by the Court in deciding whether the ends of justice served by the granting of a continuance outweigh the best interests of the defendant and the public in a speedy trial. 18 U.S.C. §3161 (h) (7) (A) *Zedner v. United States,* 126 S. Ct. 1976 (2006).

4) Defendant submits that for the reasons outlined in paragraph one, the ends of justice served by the granting of a continuance outweigh the best interests of the public and the Defendant in a speedy trial.

ACCORDINGLY, the Defendant respectfully moves the Court to continue his trial.

Respectfully submitted,

JAMES M. HALE

By: /s/ Correy A. Diviney
        Counsel

Correy A. Diviney, Esq. (VSB #74833)
STRICKLAND, DIVINEY, SEGURA & BYRD
P. O. Box 2866
Roanoke, VA 24001
Telephone (540) 982-7787
Fax: (540) 342-2909
   Counsel for defendant James M. Hale

## CERTIFICATE OF SERVICE

I hereby certify that this 29TH day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Correy A. Diviney
Correy A. Diviney
STRICKLAND, DIVINEY, SEGURA & BYRD
P. O. Box 2866
Roanoke, VA 24001
Telephone (540) 982-7787
Fax: (540) 342-2909
correy@stricklandattorneys.com