CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 28 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Scaggs
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:19-CR-00004 |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| JAMES M. HALE. | ) | Chief U.S. District Judge |

## ORDER

This matter comes before the court on defendant James M. Hale's motion to suppress evidence, filed on July 10, 2019. ECF No. 55. The government responded on July 26, 2019. ECF No. 58. The court heard argument on August 27, 2019. ECF No. 61.

The court **DENIES** the motion to suppress for the reasons stated on the record at the hearing. A stop is not unreasonable if it is justified by reasonable suspicion, based on specific and articulable facts, of unlawful conduct. There must be specific facts that, taken together with the rational inferences from those facts, reasonably warrant the stop. See United States v. Bowman, 884 F.3d 200, 209 (4th Cir. 2018) (applying standard articulated in Terry v. Ohio, 392 U.S. 1, 21 1968). Briefly, the court rules that there was reasonable, articulable suspicion, based on what police officers observed on November 30, 2018, both to stop the vehicle in which Hale was a passenger and to perform a search of the vehicle and Hale's person.

The testimony given in court at the hearing on August 27, 2019 stated that before stopping the black BMW in which Hale was a passenger, police officers conducting surveillance observed what they believed to be two hand-to-hand drug transactions involving the driver of the black BMW. The first was conducted in what one officer termed an open

drug market in the parking lot of the Foodway Mart and involved an individual known to the officers to have been a self-professed heroin addict within the last year. The second took place on the side of a nearby road. All observing officers possess extensive experience in the investigation of drug activity and testified that these transactions were consistent with drug transactions. See United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993) ("Courts are not remiss in crediting the practical experience of officers who observe on a daily basis what transpires on the street."). While the officer who performed the stop of the black BMW was personally aware of only one hand-off, a single such hand-to-hand transaction is sufficient to provide reasonable suspicion of drug activity; besides which, the officer was operating at the direction of other officers who had observed the second transaction. United States v. Massenburg, 654 F.3d 480, 492 (4th Cir. 2011) ("The collective-knowledge doctrine . . . holds that when an officer acts on an instruction from another officer, the act is justified if the instructing officer had sufficient information to justify taking such action herself; in this very limited sense, the instructing officer's knowledge is imputed to the acting officer."). These facts are more than sufficient to establish that the stop of the black BMW was supported by reasonable, articulable suspicion of drug activity.

After stopping the black BMW, the officer who performed the stop and the officer who found the gun in Hale's waistband testified that they smelled marijuana coming from the vehicle. The reasonable suspicion standard "may be satisfied by an officer's objectively reasonable suspicion that drugs are present in a vehicle that he lawfully stops." United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998). "Because guns often accompany drugs, when an officer suspects the presence of drugs in a stopped vehicle, the risk of danger to the officer is

apparent." United States v. Jones, 289 Fed. App'x 593, 597 (4th Cir. 2008). As the Fourth Circuit noted in United States v. Rooks, 596 F.3d 204, 210 (4th Cir. 2010), "an officer who has reasonable suspicion to believe that a vehicle contains illegal drugs may order its occupant out of the vehicle and pat them down for weapons." The officer who found Hale's weapon testified that when asked about a firearm, Hale put his hand on his waist. Once Hale followed the officer's instructions to raise his hands, and was asked again about a gun, he motioned downwards. Under the circumstances, the officer was justified, for safety reasons, in lifting Hale's shirt to reveal the pistol tucked in his waistband.

For these reasons, and those stated on the record at the hearing on August 27, 2019, the court **DENIES** defendant's motion to suppress evidence, ECF No. 55.

It is so **ORDERED**.

Entered: 08-28-2019

Michael F. Urbanski
Chief United States District Judge